■ In the Matter of ANTHONY GUDDEMI, Doing Business as CHRISTMAS TREE INN, Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Determination of respondent State Liquor Authority, dated April 1, 1966 (suspending petitioner's liquor license on a finding, after hearing, of guilt as charged, namely, sale of alcoholic beverages to a minor) annulled and charge dismissed, with costs. The purported identification of the minor which rests on an alleged admission of a total stranger is not substantial evidence. Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

■ In the Matter of ANTHONY GUDDEMI, Doing Business as CHRISTMAS TREE INN, Respondent, v. NEW YORK STATE LIQUOR AUTHORITY, Appellant.— Order of the Supreme Court, Richmond County, dated July 18, 1966, reversed insofar as appealed from, without costs, and motion denied. The averment of petitioner's attorney that penalty is not an issue in this proceeding is insufficient to take that factor out of the case. Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

■ In the Matter of ALBERT RUBERT, Petitioner, v. WILLIAM S. HULTS, as Commissioner of the Department of Motor Vehicles, Respondent.— Order of the Commissioner of Motor Vehicles, dated July 8, 1966, modified, on the facts and in the exercise of discretion, without costs, to the extent that the penalty in the Commissioner's order is reduced to a 30-day suspension. The record contains substantial evidence to support the finding that petitioner violated subdivision (a) of section 1142 of the Vehicle and Traffic Law, by failing to yield the right of way. No exceptions were noted to the manner in which the hearing was conducted nor to any alleged limitations of cross-examination, and we find that petitioner was afforded a fair hearing. However, we believe that, in view of all the circumstances, the penalty of a 90-day suspension is inordinately severe and constitutes an improvident exercise of discretion. Petitioner requires the daily use of his truck for his business, which is a one-man operation. While some bad judgment is manifest in his driving, there is no claim that he is guilty of "gross negligence" or "reckless disregard for life or property" (Vehicle and Traffic Law, § 510, subd. 3, par. [e]). We feel that a penalty above a 30-day suspension would shock our sense of fairness (see *Matter of Koppel* v. *Hults*, 20 A D 2d 669; *Matter of Matoskey* v. *Hults*, 24 A D 2d 703). Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.